UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

SAMMY E. MCCRAY ,                                :
                                                 :
                           Plaintiff,            :
                                                 :             15-CV-8494 (VEC)
              -against-                          :
                                                 :
                                                 :            OPINION & ORDER
PROJECT RENEWAL, INC.,                           :
                                                 :
                           Defendant.            :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

In this employment discrimination case, Plaintiff Sammy McCray, proceeding *pro se*,

sued his former employer, Defendant Project Renewal, Inc. ("Project Renewal"), for race

discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"),

42 U.S.C. § 2000 *et seq.*, and New York State Human Rights Law ("NYSHRL"), N.Y. Exec.

Law § 290 *et seq.*, and disability discrimination in violation of the Americans with Disabilities

Act of 1990 ("ADA"), 42 U.S.C. § 12112 *et seq*.  Defendant moves to dismiss the Amended

Complaint for lack of subject matter jurisdiction and failure to state a claim pursuant to Federal

Rules of Civil Procedure 12(b)(1) and 12(b)(6).  For the following reasons, the Motion to

Dismiss is GRANTED.

## BACKGROUND[1]

McCray is an African-American male who was employed as a non-staff kitchen cook at

Project Renewal.[2]  At around the time that his supervisor was considering whom to promote to a

---

[1]     All facts are taken from the Amended Complaint and are assumed to be true for purposes of this motion.
*See Galper v. JP Morgan Chase Bank*, 802 F.3d 437, 443–44 (2d Cir. 2015).

[2]     Project Renewal is a not-for-profit whose mission is to "end the cycle of homelessness by empowering
men, women and children to renew their lives with health, homes and jobs."  Project Renewal,
http://www.projectrenewal.org/mission/ (last visited Feb. 16, 2017).

staff position, McCray was transferred to Project Renewal's facility on Bronx Boulevard. Amended Complaint ("Am. Compl."), at 3, Dkt. 21.[3]  McCray's co-worker informed McCray that another colleague did not want McCray working at the Bronx Boulevard site.  Am. Compl. at 5.  The clients at Project Renewal began to "harass [McCray] day and night" including by using racial epithets.  Am. Compl. at 5, 6, 12.[4]  Although McCray reported the incidents to his supervisor, the supervisor "said don't worry about it and he never did anything to help."  Am. Compl. at 5.  McCray alleges that several clients use drugs and alcohol on Project Renewal's premises, that McCray is "not suppose[d] to be around drug use," and that "it was discriminatory because it started affecting [his] health."  Am. Compl. at 6.

McCray requested to "go downtown to speak on [his own] beha[lf]," but his request was denied, and his supervisors "did nothing to help [him] or stop the harassment."  Am. Compl. at 6. McCray alleges that Project Renewal "didn't care about [his] safety all they cared about was [him] cooking the food."  Am. Compl. at 5.  McCray asserts that he "feel[s] like they were trying to push [him] out the job."  Letter re: Opposition to the Motion to Dismiss ("Opp."), at 2, Dkt. 27.  McCray alleges that Project Renewal's most recent act of discrimination against him occurred on January 9, 2015.  Am. Compl. at 3.

In February 2015, McCray filed a complaint ("Administrative Complaint") with the New York State Division of Human Rights ("NYSDHR") against Project Renewal, claiming race discrimination in violation of New York Human Rights Law and Title VII.  Am. Compl. at 8.

---

[3]      Because McCray attached multiple documents to his Amended Complaint, the Amended Complaint page citations are to the ECF docket stamp page number.

[4]      The specific examples of harassment are detailed in the "Description of Discrimination" section of McCray's administrative complaint before the New York State Division of Human Rights ("NYSDHR"), which McCray attached and thereby incorporated into his federal complaint.  Although McCray did not specify in the "Description of Discrimination" section who used racial epithets, McCray specified in the "Basis of Discrimination" section of the Administrative Complaint that it was clients who used racial slurs.  Am. Compl. at 12.

The NYSDHR Complaint was dual-filed with the U.S. Equal Employment Opportunity Commission ("EEOC").  Am. Compl. at 9.  In the Administrative Complaint, McCray "charged [Project Renewal] with an unlawful discriminatory practice relating to employment because of race/color" in violation of the NYSHRL and Title VII.  Am. Compl. at 8.  McCray alleged that Project Renewal "harassed or intimidated [him]," "denied [him] a promotion or pay raise," and "paid [him] a lower salary that other workers in [his] same title."  Am. Compl. at 13.  After conducting an investigation into the case, the NYSDHR issued a "no probable cause" finding, concluding that there was not "sufficient evidence to establish an inference of discrimination based on race/color."  Affidavit of Jason A. Zoldessy, Esq. in Support of Defendant's Motion to Dismiss Plaintiff's Amended Complaint ("Zoldessy Aff."), Ex. D ("NYSDHR Order"), at 1–2, Dkt. 24.  The NYSHDR dismissed McCray's complaint.  NYSHDR Order at 2.  The EEOC "adopted the findings" of the NYSDHR, dismissed McCray's case, and issued a notice to sue.  Am. Compl. at 7 ("EEOC Notice").

McCray then filed a complaint in federal court, alleging employment discrimination in violation of the ADA.  Complaint, Dkt. 2.  McCray subsequently amended his complaint to add claims of employment discrimination in violation of Title VII and NYSHRL.  Am. Compl.  McCray alleges that Project Renewal failed to promote him, failed to accommodate his disability, and imposed unequal terms and conditions of his employment.  Am. Compl. at 2.  Although the employment-discrimination complaint form queried the protected class that was the basis of his discrimination claim, and listed race, color, and disability as various options to select, McCray did not select any protected class on the form complaint.  Am. Compl. at 3.  In support of his claims, McCray attached the Administrative Complaint to his federal complaint.  Am. Compl. at 3, 6–13.  Nowhere does Plaintiff allege the way in which he is disabled.

3

Defendant moves to dismiss the Amended Complaint for lack of subject matter jurisdiction and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Defendant's Motion to Dismiss Plaintiff's Amended Complaint ("Motion to Dismiss"), Dkt. 22.  McCray's only argument in opposing the Motion to Dismiss is to indicate that he wants a jury trial so he can explain his case.  Opp. at 1.

## DISCUSSION

In general, when deciding a motion to dismiss, a district court may not consider materials extrinsic to the pleadings; if any extrinsic material is considered, then the motion to dismiss is converted into a motion for summary judgment.  Fed. R. Civ. P. 12(d).  The district court, however, may consider any documents attached to or incorporated by reference into the complaint without converting the motion to dismiss into one for summary judgment.  *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).  In addition, "[e]ven where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint."  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (internal quotation marks and citation omitted).  Because McCray attached the Administrative Complaint and the EEOC decision to the Amended Complaint, the Court may consider those documents in evaluating the Motion to Dismiss.

"It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they *suggest.*"  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis in original) (internal quotation marks and citation omitted).  Courts are required to give *pro se* submissions "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994), because "[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from

4

inadvertent forfeiture of important rights because of their lack of legal training." *Triestman*, 470

F.3d at 475 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).  Because McCray is a *pro se* plaintiff, the Court construes McCray's pleadings liberally and draws every inference in his favor.  Nevertheless, for the reasons stated herein, the Court grants the Motion to Dismiss.

**Exhaustion of Administrative Remedies**

Before filing a Title VII or ADA suit in federal court, a plaintiff must file a timely charge

of discrimination with the EEOC.  42 U.S.C. §§ 2000e-5(e), 12117(a); *Riddle v. Citigroup*, 449

F. App'x 66, 69 (2d Cir. 2011); *see also Tewksbury v. Ottaway Newspapers*, 192 F.3d 322, 325

(2d Cir. 1999).   To be timely, the EEOC charge must be filed within 180 days of the alleged

discriminatory act or within 300 days if the state has local administrative mechanisms for the

redress of discrimination claims.  *Tewksbury*, 192 F.3d at 325 (citing 42 U.S.C. § 2000e-5(e)(1));

*see also Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 78–79 (2d Cir. 2015).  Because

New York has an agency to address employment discrimination claims (NYSHDR), and McCray

filed his EEOC charge within 300 days of the alleged discriminatory act, his EEOC charge was

timely.  *See Greene v. Trustees of Columbia Univ.*, 234 F. Supp. 2d 368, 376 (S.D.N.Y. 2002);

*see also Tewksbury*, 192 F.3d at 325.

A plaintiff may raise a claim in district court that was not included in the EEOC

complaint if the federal claim is "reasonably related" to the claim filed with the EEOC.

*Littlejohn v. City of N.Y.*, 795 F.3d 297, 322 (2d Cir. 2015).  A claim is considered reasonably

related "if the conduct complained of would fall within the scope of the EEOC investigation

which can reasonably be expected to grow out of the charge that was made." *Id.* (quoting

*Deravin v. Kerik*, 335 F.3d 195, 200–01 (2d Cir. 2003)).  In determining whether a claim is

reasonably related, the district court "focus[es] 'on the factual allegations made in the [EEOC]

charge itself, describing the discriminatory conduct about which a plaintiff is grieving.'"

*Littlejohn*, 795 F.3d at 322 (alteration in original) (quoting *Deravin*, 335 F.3d at 201).  "The

central question is whether the complaint filed with the EEOC gave that agency 'adequate notice

to investigate discrimination on both bases.'"  *Williams v. N.Y. City Hous. Auth.*, 458 F.3d 67, 70

(2d Cir. 2006) (quoting *Deravin*, 335 F.3d at 201).

## ADA Claim

Project Renewal moves to dismiss the ADA claim on the ground that McCray failed to

exhaust his administrative remedies because he did not allege disability discrimination in his

Administrative Complaint.  The Court agrees.

In his Administrative Complaint, which was dual-filed with the NYSDHR and the EEOC,

Plaintiff did not allege disability discrimination:  on the form complaint, he selected that he had

been discriminated against on the basis of his "race/color or ethnicity."  Am. Compl. at 12;

Admin. Compl. at 5.  Although disability appears on the form complaint as a possible type of

discrimination, McCray did not check that box, nor did he allege any facts that might tend to

show he was discriminated against based on a disability.  The only reference to his health in the

Administrative Complaint is an assertion that the discrimination he suffered at Project Renewal

had "started affecting [his] health"; the Administrative Complaint is devoid of any allegation of a

discriminatory act that was related to any disability that he might have.  Admin. Compl. at 8.

Nor is the disability discrimination claim "reasonably related" to the race discrimination

claim.  None of the facts in the Administrative Complaint gives rise to an inference of disability

discrimination.  The only facts in the Administrative Complaint relating to any purportedly

discriminatory behavior is that one or more of the clients at Project Renewal used racial epithets

relative to McCray.  Although perhaps relevant to a race discrimination claim, such an allegation

is not relevant to a disability discrimination claim.  Because McCray failed to allege any facts

that may have given the EEOC "adequate notice" to investigate disability discrimination,

McCray's ADA claim is not "reasonably related" to the claims in the EEOC charge.  Because McCray failed to exhaust his administrative remedies relative to his ADA claim, Defendant's Motion to Dismiss that claim is GRANTED.[5]

**Title VII Claim**

McCray alleges race discrimination in violation of Title VII.  Project Renewal moves to dismiss the Title VII claim pursuant to Rule 12(b)(6) for failure to state a claim.  As noted above, McCray's sole argument in opposing the Motion to Dismiss is that he would like to explain his case to a jury.  Opp. at 1.  Because McCray fails to allege a prima facie case of race discrimination, his Title VII claim is dismissed for failure to state a claim.[6]

In reviewing a motion to dismiss under Rule 12(b)(6), courts "accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Meyer v. JinkoSolar Holdings Co., Ltd.*, 761 F.3d 245, 249 (2d Cir. 2014) (quoting *N.J. Carpenters Health Fund v. Royal Bank of Scotland Grp., PLC*, 709 F.3d 109, 119 (2d Cir. 2013) (alterations omitted)).  To survive a motion to dismiss for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Factual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and

---

[5]        Because more than 300 days has expired since any purported discriminatory act, McCray would appear to be precluded from filing a charge of disability discrimination with the EEOC at this point.  Although the 300-day period is not a jurisdictional bar, *Francis v. City of N.Y.*, 235 F.3d 763, 767 (2d Cir. 2000), McCray has not made any arguments or alleged any facts tending to show that he is entitled to a waiver of the requirement that he exhaust his administrative remedies.  Nevertheless, McCray's ADA claim will be dismissed without prejudice.

         Because the Court dismisses the ADA claim for failure to exhaust administrative remedies, the Court need not reach the question of whether Plaintiff has stated a claim for disability discrimination.

[6]        McCray exhausted his administrative remedies for the Title VII claim because he brought a charge of race discrimination before the EEOC and timely filed this federal suit after receiving the EEOC's notice to sue.

"[courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"
*Brown v. Daikin Am. Inc.*, 756 F.3d 219, 225 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 570
(other internal quotations marks and citations omitted)).

To allege a prima facie case under Title VII, a plaintiff must show: "(1) he is a member
of a protected class; (2) he is competent to perform the job or is performing his duties
satisfactorily; (3) he suffered an adverse employment decision or action; and (4) the decision or
action occurred under circumstances giving rise to an inference of discrimination based on his
membership in the protected class." *Dawson v. Bumble & Bumble*, 398 F.3d 211, 216 (2d Cir.
2005).

The Amended Complaint fails to allege a prima facie case of race discrimination under
Title VII.  McCray fails to allege any facts tending to raise an inference of race discrimination
by Project Renewal.  Although McCray alleges that he was subject to racial slurs at Project
Renewal, those slurs are alleged to have come from Project Renewal's clients—not from a
Project Renewal employee, supervisor, or agent.  To the extent that McCray intends to allege that
he was subjected to a hostile work environment, he has failed to allege facts that provide a
"specific basis for imputing the conduct creating the hostile work environment to the employer."
*See Feingold v. New York*, 366 F.3d 138, 150 (2d Cir. 2004).  Moreover, the two racial slurs
McCray alleges, while unacceptable, do not plausibly allege a hostile work environment.
*Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997) ("For racist comments, slurs, and
jokes to constitute a hostile work environment, there must be more than a few isolated incidents
of racial enmity." (internal quotation marks and citation omitted)).

McCray also fails to allege a prima facie case because he fails to allege any facts relating
to any adverse employment action or decision.  Although McCray checked the boxes on the form
complaint for "failure to promote," "failure to accommodate," and "unequal terms and conditions

of employment," McCray does not elaborate or allege any facts relating to any of those purported employment actions.  At best, McCray alleges that he was transferred to the Bronx Boulevard site at the time his supervisor was considering whom to promote to a staff position, but McCray fails to allege that he was not promoted to the staff position, and he fails to allege that his transfer was in any way linked to his race.

Even when construed liberally and in the light most favorable to McCray, the Amended Complaint fails to meet the pleading standards required by *Iqbal* and *Twombly*.  Therefore, the Title VII claim is dismissed without prejudice pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**NYSHRL Claim**

Project Renewal moves to dismiss the NYSHRL claim on the ground that it is barred by the election-of-remedies provision in the NYSHRL.  Project Renewal argues that the Court lacks jurisdiction over the NYSHRL claim because McCray chose to proceed before the NYSDHR. The Court agrees that the NYSDHR administrative proceeding bars pursuit of the NYSHRL claim in federal court.

The NYSHRL "contains an election-of-remedies provision that requires a plaintiff to choose between an administrative remedy and a judicial one.  Consequently, if a litigant files a discrimination complaint with the [NYSHDR], he may not bring a subsequent judicial action based on the same incident." *Stanley v. Guardian Sec. Servs., Inc.*, 800 F. Supp. 2d 550, 555–56 (S.D.N.Y. 2011) (internal marks omitted) (citing N.Y. Exec. Law § 297(9)).  "Furthermore, once a plaintiff brings a case before the NYSDHR, he or she may appeal only to the Supreme Court of State of New York." *York v. Ass'n of Bar of City of N.Y.*, 286 F.3d 122, 127 (2d Cir. 2002) (citing N.Y. Exec. Law § 298).   "The election of remedies bar is jurisdictional, such that claims dismissed pursuant to it must be dismissed under Fed. R. Civ. P. 12(b)(1) rather than 12(b)(6)."

*Higgins v. NYP Holdings, Inc.*, 836 F. Supp. 2d 182, 187 (S.D.N.Y. 2011) (citing *Moodie v. Fed. Reserve Bank*, 58 F.3d 879, 882 (2d Cir. 1995)).

The Amended Complaint and the Administrative Complaint are based on the same set of facts: McCray's mistreatment at Project Renewal's Bronx Boulevard site.  McCray even attached to the Amended Complaint the "Description of Discrimination" section of the Administrative Complaint, thereby making clear that the facts underlying his claim in federal court are the facts alleged in the Administrative Complaint.  Because the NYSDHR investigated and dismissed the discrimination claims in the Administrative Complaint, the NYSHRL's election-of-remedies provision bars his NYSHRL claim in federal court.  *See Higgins*, at 188 ("When the [NYSDHR] has issued a finding of no probable cause[,] plaintiff's claims are barred by the law's election of remedies provision because plaintiff has already litigated the claims before the [NYSDHR]." (internal alterations and citation omitted)).  Therefore, the NYSHRL claim is dismissed with prejudice for lack of subject matter jurisdiction.  *See Higgins*, 836 F. Supp. 2d at 187.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss is GRANTED.  The NYSHRL claim is dismissed with prejudice, and the ADA and Title VII claims are dismissed without prejudice.  If the Plaintiff wishes to file a Second Amended Complaint, he must move for leave to do so not later than **March 31, 2017**.  The motion for leave to file a Second Amended Complaint must include the proposed Second Amended Complaint.

In addition, the Court wishes to inform Plaintiff regarding a useful resource providing legal advice and assistance to *pro se* litigants.  A new legal clinic recently opened in this District to parties in civil cases who do not have lawyers.  The Clinic is run by a private organization called the New York Legal Assistance Group; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by

any unrepresented party through the *Pro Se* Intake Unit).  The Clinic is located in the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, New York, in Room LL22, which is just inside the Pearl Street entrance to that Courthouse.  The Clinic is open on weekdays from 10 a.m. to 4 p.m., except on days when the Court is closed.  An unrepresented party can make an appointment in person or by calling 212-659-6190.

The Clerk of Court is respectfully directed to close Docket No. 23, mail a copy of this Order to Plaintiff, and note mailing on the docket.


**SO ORDERED.**

**Date:  February 22, 2017**
      **New York, New York**

**VALERIE CAPRONI**
**United States District Judge**